## UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

Mercy Health Network, Inc., d/b/a
MercyOne,

    *Appellant*,

v.

Mercy Hospital, Iowa City, Iowa; Mercy
Iowa City ACO, LLC; and Mercy Hospital
Services Iowa City, Inc.,

    *Appellees*,

Dan Childers, Successor Liquidation
Trustee of Mercy Hospital Liquidation
Trust,

    *Trustee-Appellee*,

U.S. Trustee,

    *U.S. Trustee.*

Appeal No. 25-1654

**APPELLANT'S DESIGNATION
AND STATEMENT OF ISSUES**

## APPELLANT'S DESIGNATION AND STATEMENT OF ISSUES

Pursuant to Rule 10(b)(3) of the Federal Rules of Appellate Procedure, and reserving all rights to present issues preserved in the proceedings below, Appellant Mercy Health Network, Inc., *d/b/a* MercyOne ("MercyOne") provides the following statement of the issues that MercyOne intends to present on appeal:

1.  Did the District Court err in finding that MercyOne lacked standing as an impaired creditor to challenge the Third Party Releases in the Debtors'

Combined Disclosure Statement and Joint Chapter 11 Plan of Liquidation (the "Plan"), where such releases caused the Plan to violate 11 U.S.C. § 1129(a)(1), because all affected claimants did not consent to these, as required by *Harrington v. Purdue Pharma, L.P.*, 144 S. Ct. 2071 (2024) ("Purdue"), and MercyOne's opting out of these releases could not be deemed consent?

2. Did the District Court err in finding that MercyOne lacked standing as an impaired creditor to challenge the Plan's Debtor Releases, which released claims against thousands of parties who contributed nothing (the "Remote Released Parties"), on the ground that it was too speculative to conclude that any actual claim existed against any of the Remote Released Parties or that their release forfeited potential recoveries for the estate?

3. Did the District Court err in finding that the Plan's Third Party Releases were consensual and therefore passed muster under *Purdue* by treating the act of opting out of these releases as if it were consent?

4. Did the District Court err in finding that the release of the Remote Released Parties by the Plan's Debtor Release satisfied the five-part test of *In re Master Mortg. Inv. Fund, Inc.,* 168 B.R. 930 (Bankr. W.D. Mo. 1994)?

*[The remainder of this page is intentionally left blank]*

Dated: April 15, 2025

/s/David B. Goroff
David B. Goroff
**FOLEY & LARDNER LLP**
321 N. Clark Street, Suite 3000
Chicago, IL 60654
Tel: (312) 832-4500
Fax: (312) 832-4700
dgoroff@foley.com

*Counsel to Mercy Health
Network Inc. d/b/a MercyOne*

4930-2880-2870.3

## CERTIFICATE OF SERVICE

The undersigned certifies, under penalty of perjury, that on April 15, 2025, the foregoing document was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system.

*/s/David B. Goroff*
David B. Goroff

4930-2880-2870.3