IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.*,<br><br>Debtors. | Chapter 11 Bankruptcy<br>Case No. 23-00623<br><br>**STATUS REPORT** |

      COMES NOW Dan R. Childers, in his sole capacity as Trustee of the Mercy Hospital Liquidation Trust (the "Trust"), and hereby tenders the following Status Report, based on recent developments:

      1.      On May 14, 2025, the Trustee met in person in Iowa City all members of the Pensioner's Advisory Committee ("PAC"). The PAC comprises seven members who had previously worked at Mercy Hospital. The PAC was formed by the Trustee as the sole member of Mercy Hospital's Board of Directors, all pursuant to the terms of the Confirmed Plan. The Trustee expects the PAC will eventually tender a recommendation to the Trustee so as to assist the Trustee and his professionals to determine the best course of action with respect to the under-funded pension plan.

      2.      On May 15, 2025, the Trustee met with various officials and personnel from the University of Iowa concerning the possibility of the Trust selling the so-called MOB to the University. The Trustee and his professionals will continue to attempt to achieve a signed Offer and Acceptance.

      3.      On May 5, 2025, the Trust's Oversight Committee ("OC") offered to tender more than $31,000 cash to MercyOne, so as to pay in full MercyOne's $31,000 Proof of Claim. The tender was made pursuant to the power vested in the Trust to allow, pay, and

compromise various proofs of claim. *See, e.g.,* Trust Agreement at §7.7(b). On May 16, 2025, MercyOne refused the OC's tender, citing solely to 11 U.S.C. §1123(a)(4). The Trust posits MercyOne's reliance on §1123(a)(4) is wrong, in light of, *inter alia*, Judge Melloy's decision in *In re Peabody Energy Corp.,* 933 F.3d 918, 925 (8th Cir. 2019) (approving different treatment to plan sponsor, because §1123(a)(4) disapproves unequal treatment only if the unequal treatment was on account of the objector's claim). Specifically, the OC's offer was made *not* "on account of" MercyOne's Proof of Claim but on account of cost-benefit considerations. Also, the offer was made in the context of the Trustee administering a Court-approved Liquidation Trust *i.e.* the offer was *not* made in the context of plan confirmation. Section 1123 simply is *not* applicable, and even if §1123 were applicable, *Peabody* teaches the offer did *not* violate §1123. The Trustee therefore reasonably posits MercyOne's continued prosecution of the appeal to the Eighth Circuit is not justifiable, and violates various Statutes and Rules, such as F.R.A.P 38 and 28 U.S.C. §1927.

/s/ Dan Childers
Dan Childers
SHUTTLEWORTH & INGERSOLL, PLC
235 6th St. SE  P.O. Box 2107
Cedar Rapids, IA 52406-2107
Tel: 319-365-9461; Fax: 319-365-8443
drc@shuttleworthlaw.com
TRUSTEE OF MERCY HOSPITAL LIQUIDATION TRUST

**Certificate of Service**

The undersigned certifies, under penalty of perjury, that on this 28th day of May, 2025, the foregoing document was electronically filed with the Clerk of Court using the Northern District of Iowa CM/ECF and the document was served electronically through the CM/ECF system to the parties of this case.

/s/     Beth Hawker

MHLT/Pldgs/BA 23-00623 – Drafts/TE Status Report.052725.932p.ewl

# MERCY HOSPITAL *et al* LIQUIDATION TRUST
# OVERSIGHT COMMITTEE

May 5, 2025

| | |
|---|---|
| Mr. David Goroff | Mr. Christopher J. Jessen |
| Mr. Edward Green | Mr. Michael R. Reck |
| Ms. Nora J. McGuffey | Belin McCormick, P.C |
| Foley & Lardner LLP | 666 Walnut St., Suite 2000 |
| 321 N. Clark St., Suite 3000 | Des Moines, IA 50309 |
| Chicago, IL 60654 | <u>Sent via U.S. ordinary mail</u> |
| <u>Sent via UPS</u> | |

Re: Mercy Hospital/Bankr N.D. IA/MercyOne/Mercy Healthcare Network Appeal

Gentlemen and Lady:

As you know, I serve as a Member of the Oversight Committee ("OC") of the Liquidation Trust, created pursuant to the Order confirming the Mercy Hospital *et al.*'s Plan. One of the OC's duties is to preserve and conserve Trust assets. Based on information from the Trustee and our own independent assessment of the situation, the OC is reasonably sure continued pursuit of the appeal of the Confirmation Order will cost the Trust more than the face amount of MercyOne's Proof of Claim #10277. To that end, bearing in mind the need to conserve Trust assets and ***without*** conceding any and all right, theory, argument, etc. (such as but not limited to the Trust's right to seek relief pursuant to F.R.B.P. 8020, or any and all claims the Trust and the OC have against Mercy Healthcare Network *et al*), the Trust and the OC hereby tender immediate payment to Mercy Healthcare Network the amount of $31,524.23, as satisfaction in full of your client's Proof of Claim. Indeed, this payment is consistent with the contention you urged at *In re Mercy Hosp et al*, #23-623, Dkt #1881, ¶58, *viz.* you on behalf of your client posited the Trust should simply pay the amount displayed on the Proof of Claim.

I am copying this tender to Marc Ross, and I ask you please immediately report to Marc at marc@hbmllc.net wire instructions so the payment can be remitted to your client.

Thank you.

/s/ PLR
Paula L. Roby, on behalf of the OC

cc. Marc Ross; Eric Lam

MHLT/Corr/Drafts/Childers wire info request.050525.1030.ev